FILED

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

2017 FEB -7  PM 3: 42

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

**FLORIDA ABOLITIONIST** and **JANE DOE**,

                        **Plaintiffs,**

    -against-

**BACKPAGE.COM LLC,
EVILEMPIRE.COM, BIGCITY.COM,
CARL FERRER, MICHAEL LACEY,** and
**JAMES LARKIN,**

                        **Defendants.**

Civil Action No. 6:17-CV-218-ORL-28-TBS

## MOTION FOR LEAVE TO PROCEED ANONYMOUSLY

Plaintiff Jane Doe, by and through her undersigned attorneys, hereby moves this Court for an order allowing her to proceed anonymously in this litigation. For the reasons described below, Jane Doe respectfully requests that her motion be granted.

### FACTUAL BACKGROUND

Jane Doe was trafficked for the first time when she was 11 years old. (Compl. ¶ 95.) During the period in which she was trafficked, Jane Doe's day-to-day existence was characterized by violence, including rape by her traffickers and their clientele. (*Id.*) At one point in March 2013, Jane Doe was lured to a hotel under false pretenses by her mother, raped by two of her mother's drug dealers, and sold for sex on Defendants' website, Backpage.com. (*Id.* ¶¶ 96–98.) Following the placement of an ad for her on Backpage, Jane Doe was raped by five different men in less than half a day. (*Id.* ¶ 99.)

-2-

Jane Doe's ordeal left her psychologically and physically traumatized. She stopped attending college, suffers from post-traumatic stress disorder, and must have a hysterectomy due to the physical abuse she endured. (*Id.* ¶¶ 99–101.)

Jane Doe brought this suit based on Defendants' facilitation of, and profiting from, her trafficking on their website. Because this litigation will necessarily delve into Jane Doe's personal trauma and the repeated abuses she suffered, her motion for leave to proceed anonymously should be granted.

## ARGUMENT

Generally, the Federal Rules of Civil Procedure require that pleadings identify all parties by name. *See* Fed. R. Civ. P. 10(a). However, courts in this jurisdiction have carved out an exception to this rule where the party "has a substantial privacy right" that outweighs the presumption of judicial openness in a federal lawsuit. *Plaintiff B v. Francis*, 631 F.3d 1310, 1315–16 (11th Cir. 2011) (citing *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)). In determining whether such a privacy right exists, the Eleventh Circuit has instructed that courts "should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id.* at 1316 (internal quotation marks omitted). Courts may grant leave to proceed anonymously where the plaintiff seeking anonymity will be required to disclose information "of the utmost intimacy." *Id.*

Litigation that involves disclosure of a plaintiff's sexual abuse satisfies this test. In *Plaintiff B v. Francis*, the Eleventh Circuit reversed a district court's denial of anonymity where the plaintiffs brought suit against the makers of the "Girls Gone Wild"

video series for filming the plaintiffs' sexual conduct as minors. *Id.* at 1312–13. The court held that the "issues involved in this case ***could not be of a more sensitive and highly personal nature***" because they "involve descriptions of the Plaintiffs in various stages of nudity and engaged in explicit sexual conduct while they were minors who were coerced by the Defendants into those activities." *Id.* at 1317 (emphasis added); *see also Doe v. St. John's Episcopal Parish Day Sch., Inc.*, 997 F. Supp. 2d 1279, 1290 (M.D. Fla. 2014) (finding that a plaintiff alleging childhood sexual abuse by clergy members was entitled to anonymity based on *Francis*).

Jane Doe's participation in this suit requires the disclosure, discussion, and examination of equally (if not more) sensitive information, including events occurring while Jane Doe was a minor and while being victimized by her traffickers and their clients. (Compl. ¶¶ 95–99.) There can be no question that Jane Doe will be required to disclose information of the "utmost intimacy" in the course of this litigation, given that it relates to her exploitation, rape, and psychological abuse. As the Eleventh Circuit recognized, "'[w]here the issues involved are matters of a sensitive and highly personal nature the normal practice of disclosing the parties' identities yields to a policy of protecting privacy in a very private matter.'" *Francis*, 631 F.3d at 1316–17 (quoting *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712–13 (5th Cir. 1979) (internal quotation marks and emendations omitted)). Anonymity is therefore justified here.[1]

---

[1] Given these compelling privacy concerns, it is unsurprising that a number of other trafficking victims who have filed litigation against Backpage were permitted to proceed anonymously. *See,*

The Eleventh Circuit has also held that courts should consider the potential harm that would occur to a plaintiff in the absence of anonymity. *Id.* at 1317–18. As alleged in the complaint, Jane Doe has already suffered psychological trauma due to her experiences, and continues to suffer from post-traumatic stress disorder. (Compl. ¶ 101.) Disclosing her real identity in connection with this litigation will link her forever in the public record with the harm she has suffered. Moreover, it will inject her name into the contentious debate over online freedom of speech and sex trafficking. The heated nature of this debate creates a significant risk that Jane Doe will face harassment for her role in this litigation.

By contrast, Defendants will not suffer harm if Jane Doe remains anonymous. Once Defendants appear in this matter, counsel for Jane Doe can share her identity with Defendants in a non-public manner, on the condition that they do not disclose it to the general public. This "reasonable way to reconcile the competing interests" will ensure that Jane Doe can proceed anonymously and that Defendants' ability to assert defenses and take discovery is not harmed. *Roe v. Aware Women Ctr. for Choice, Inc.*, 253 F.3d 678, 687 (11th Cir. 2001); *S.G. v. Mears Transp. Group, Inc.*, No. 14-cv-0917, 2014 WL 4637139, at *1 (M.D. Fla. Aug. 12, 2014) (granting anonymity to a plaintiff who would need to disclose his HIV-positive status in the litigation).

---

*e.g., Doe ex rel. Roe v. Backpage.com, LLC*, No. 14-cv-13870 (D. Mass. 2014); *J.S. v. Village Voice Media Holdings, L.L.C.*, No. 12-2-11362-4 (Wash. 2012); *M.A. ex rel. P.K. v. Village Voice Media Holdings, LLC*, No. 10-cv-1740 (E.D. Mo. 2010).

## CONCLUSION

For the foregoing reasons, Jane Doe respectfully requests that this Court grant her motion to proceed anonymously.

Dated: February 7, 2017

Respectfully submitted,

**BOIES SCHILLER FLEXNER LLP**

By: /s/ Karen C. Dyer
Karen C. Dyer (Fla. Bar. No. 716324)
121 South Orange Avenue, Suite 840
Orlando, FL 32801
Telephone: (407) 245-8793
Facsimile: (407) 425-7047
kdyer@bsfllp.com

David Boies (*pro hac vice to be filed*)
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300
dboies@bsfllp.com

Karen A. Chesley (*pro hac vice to be filed*)
Joanna Wright (*pro hac vice to be filed*)
Alexander Boies (*pro hac vice to be filed*)
575 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-2300
Facsimile: (212) 446-2350
kchesley@bsfllp.com
jwright@bsfllp.com
aboies@bsfllp.com

**LEGAL MOMENTUM**

Penny Venetis (*pro hac vice to be filed*)
16 East 34th Street
New York, NY 10016
Telephone: (212) 413-7544
*Attorneys for Plaintiffs Jane Doe and Florida Abolitionist*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been hand delivered to the Clerk of Court for the United States District Court for the Middle District of Florida for filing on February 7, 2017.

                                                          */s/ Karen C. Dyer*
                                                          Karen C. Dyer

## CERTIFICATE OF CONFERENCE

Because Plaintiff Jane Doe files this motion contemporaneously with the Complaint, counsel for Jane Doe have not had an opportunity to confer with counsel for Defendants. After counsel for Defendants appear in this matter, however, counsel for Jane Doe will confer with defense counsel and will supplement the motion with a statement certifying whether, or to what extent, the parties have resolved the issue(s) presented in the motion.

                                                          */s/ Karen C. Dyer*
                                                          Karen C. Dyer