UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FLORIDA ABOLITIONIST, INC., JANE
DOE #1, JANE DOE #2, and SUSAN
ROE,

    Plaintiffs,

v.                                                                     Case No:   6:17-cv-218-Orl-28TBS

BACKPAGE.COM LLC, CARL FERRER,
MICHAEL LACEY, JAMES LARKIN,
WEBSITE TECHNOLOGIES, LLC, IC
HOLDINGS LLC, DARTMOOR
HOLDINGS LLC, CAMARILLO
HOLDINGS LLC, ATLANTISCHE
BEDRIJVEN C.V., KICKAPOO RIVER
INVESTMENTS, LLC, AMSTEL RIVER
HOLDINGS LLC, POSTFASTER LLC,
CLASSIFIED SOLUTIONS LTD,
MEDALIST HOLDINGS, INC., ADTECH
B.V., UGC TECH GROUP, C.V.,
POSTING SOLUTIONS LLC and
CEREUS PROPERTIES LLC,

    Defendants.

## ORDER

This case comes before the Court without a hearing on Plaintiffs Jane Doe #2's and Susan Roe's Motion for Leave to Proceed Anonymously (Doc. 87). The Court understands that Defendants take no position on the motion (Id., at 8).

Plaintiffs claim Defendants operated websites that were an online marketplace for human sex trafficking including the sexual exploitation of minors and coerced adults (Doc. 86, ¶¶ 1-2). Jane Doe #2 alleges that when she was 15 years old, two men branded her, photographed her, and used those photographs in an advertisement in the escort services section of Defendant Backpage.com (Doc. 87 at 1-2). Plaintiff says she was

raped by multiple people who responded to the advertisement (Id., at 2). These events have allegedly left her permanently psychologically and physically traumatized (Id., at 2). Now, Plaintiff and her mother, Plaintiff Susan Roe, seek leave of Court to proceed anonymously (Id.). The Court has already granted another alleged victim, Jane Doe #1, permission to litigate this action anonymously (Doc. 46).

The federal rules mandate that every pleading bear a caption that names all the parties. FED. R. CIV. P. 10(a). Rule 10 embodies the legal axiom that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern" and the integrity of the judiciary is maintained by the public's right of access to court proceedings. Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007) (citing Landmark Commc'ns, Inc. v. Virginia, 435 U.S. 829, 839 (1978)). The public's right includes the right to properly identify every party, by name. J.W., et al. v. District of Columbia, 318 F.R.D. 196, 198 (D.D.C. 2016) ("One of the defining characteristics of American judicial proceedings is the right of public access. In furtherance of this public interest, the Federal Rules of Civil Procedure require that a complaint include the names of all the parties, FED. R. CIV. P. 10(a) ..."); see K.W., et al. v. Holtzapple, 299 F.R.D. 438, 440 (M.D. Penn. 2014); John Doe Co. No. 1 v. Consumer Fin. Prot. Bureau, 195 F. Supp. 3d 9, 17 (D.D.C. 2016); Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067 (9th Cir. 2000). Rule 10(a) is also rooted in the idea that "[d]efendants have the right to know who their accusers are, as they may be subject to embarrassment or fundamental unfairness if they do not." Plaintiff B. v. Francis, 631 F.3d 1310, 1315 (11th Cir. 2011).

However, "the rule is not absolute. A party may proceed anonymously in a civil suit in federal court by showing that [s]he "has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial

proceedings.'" Id. at 1315-1316; Doe v. Dominique, No. 1:13-cv-04270-HLM, 2014 WL 12115948, at *4 (N.D. Ga. Jan. 3, 2014). "It is within a court's discretion to allow a plaintiff to proceed anonymously." Doe v. Shakur, 164 F.R.D. 359, 360 (S.D.N.Y. 1996). In exercising its discretion to decide "whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns," the Court considers the specific circumstances of the case and weighs the relevant factors. Francis, 631 F.3d at 1315-1316. The Court considers: "(1) whether the plaintiff is challenging governmental activity; (2) whether the plaintiff would be required to disclose information of the utmost intimacy; (3) whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution; (4) whether the plaintiff would risk suffering injury if identified; and (5) whether the party defending against a suit brought under a pseudonym would be prejudiced." Shakur, 164 F.R.D. at 361 (citing James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993); Doe v. Frank, 951 F.2d 320, 323 (11th Cir. 1992)).

The decision in Francis recognizes the complicated history courts have had with plaintiffs who allege sexual assault. The panel noted that historically, courts have not allowed plaintiffs who alleged sexual assault to proceed anonymously, even if the revelation of a plaintiff's identity would cause her to suffer personal embarrassment. 631 F.3d at 1316. Case law has evolved and courts now consider certain "judicially recognized" aggravating factors, such as whether the plaintiff was a minor, whether she was threatened with violence or physical harm, and whether anonymity "posed a unique threat of fundamental unfairness to the defendant." Id. In vacating the district court's decision to deny plaintiff's request for anonymity, the Francis court said "[w]here the issues involved are matters of a sensitive and highly personal nature' ... the normal

practice of disclosing the parties' identities 'yields to a policy of protecting privacy in a very private matter.'" Id. at 1316-1317. The court characterized "descriptions of the Plaintiffs in various stages of nudity and engaged in explicit sexual conduct while they were minors who were coerced by the Defendant into those activities" to be of the most "sensitive and highly personal nature." Id. at 1317.

This Court considers whether the denial of anonymity would require Plaintiffs Jane Doe #2 and Susan Roe to disclose "information of utmost intimacy." Id. at 1316; Dominique, 2014 WL 12115948, at *4. Plaintiffs argue that Jane Doe #2 will be required to disclose and discuss information related to her victimization by her traffickers and their clients, all of which occurred while she was a minor (Doc. 87 at 3). The Court is satisfied that under these circumstances, Jane Doe #2's request for anonymity should be granted. Although Susan Roe does not allege that she was exploited by Defendants, if her identity is disclosed, then logically, that will lead to the disclosure of Jane Doe #2's identity. So as not to impede Defendants' discovery efforts or ability to assert defenses, Plaintiffs Jane Doe #2 and Susan Roe intend to share their identities with Defendants in a non-public manner on the condition that they protect Plaintiffs' identities from public disclosure (Id. at 4).

After due consideration, the Court finds that Jane Doe #2 and Susan Roe's need for anonymity "outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." See Dominique, 2014 WL 12115948, at *4 (citing Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 684 (11th Cir. 2001)). Accordingly, the motion is **GRANTED**. Plaintiffs Jane Doe #2 and Susan Roe may proceed anonymously provided however, they shall reveal their true identities to Defendants in a non-public manner. The Court leaves it to the parties to agree upon the conditions for

disclosure of these Plaintiffs' identities. If they are unable to agree, then any party may file an appropriate motion and the Court will decide the matter.

**DONE AND ORDERED** in Orlando, Florida on May 18, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record