**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

Case No. 6:17-cv-218-ORL-28-TBS

| | |
|---|---|
| FLORIDA ABOLITIONIST, INC.; JANE DOE #1; JANE DOE #2; and SUSAN ROE, <br><br> Plaintiffs, <br><br> -against- <br><br> BACKPAGE.COM LLC; CARL FERRER; MICHAEL LACEY; JAMES LARKIN; WEBSITE TECHNOLOGIES, LLC; IC HOLDINGS LLC; DARTMOOR HOLDINGS LLC; CAMARILLO HOLDINGS LLC; ATLANTISCHE BEDRIJVEN CV; KICKAPOO RIVER INVESTMENTS, LLC; AMSTEL RIVER HOLDINGS LLC; POSTFASTER LLC; CLASSIFIED SOLUTIONS LTD; MEDALIST HOLDINGS, INC; AD TECH BV; UGC TECH GROUP CV; POSTING SOLUTIONS LLC; AND CEREUS PROPERTIES LLC, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**DEFENDANTS' MOTION FOR LEAVE TO FILE REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO STAY PROCEEDINGS**

Defendants Medalist Holdings, Inc., Camarillo Holdings LLC, Cereus Properties LLC, Michael Lacey, and James Larkin (collectively, "Medalist Defendants"), pursuant to MD Local Rule 3.01(d), move this Court for an order authorizing the filing of a reply to Plaintiffs Florida Abolitionist, Inc., Jane Doe, and Susan Roe's (hereinafter, "Plaintiffs")

Opposition to Defendants' Motion to Stay Proceedings, ECF 137 (hereinafter "Opposition"), and in support state:

    1.    Plaintiffs have filed a twenty (20) page Opposition to Defendants' Motion to Stay Proceedings raising issues and arguments that Defendants could not reasonably have anticipated when filing their Motion. A short reply is therefore warranted to allow Defendants to respond to the following points:

    a. Clarification of the applicable legal standards in the Eleventh Circuit governing when a court *must* stay a proceeding based on Fifth Amendment and the test under which a court *may* issue a stay;

    b. Correction of certain assumptions about the Medalist Defendants' ability to defend and/or answer given the indictments against Defendants Lacey and Larkin (among others).

    c. Clarification of the previous proceedings in this case regarding a requested stay or bifurcation of discovery during the pendency of an immunity-based defense, and how the ruling on that issue does not relate to the pending Motion for Stay.

    d. Provision of additional facts and circumstances, and other considerations, regarding the unreported decision in *R.O v. Medalist Holdings, Inc.*, Case No.: 17-2-04897-1 (Wash. Sup. Ct., June 28, 2018), which Plaintiffs attached to the Opposition. ECF 137-D.

    e. Response to the Plaintiff's reliance on the recently enacted Allow States and Victims to Fight Online Sex Trafficking Act, Pub. L. No. 115-164,

132 Stat. 1253, at § 2 (2018) ("FOSTA") as lending some sort of policy support for denial of the requested stay.

2. Defendants anticipate that the length of the proposed reply would be no more than ten (10) pages.

3. Pursuant to MD Local Rule 3.01(g), counsel for Defendants have conferred with opposing counsel, who oppose the relief requested in this Motion.

## MEMORANDUM OF LAW

MD Local Rule 3.01(d) contemplates the filing of a reply, with permission of the Court. This Court can lift the restriction on filing replies to ensure the fair and just determination of all proceedings. MD Local Rule 1.01(b)&(c). "The purpose of a reply brief is to rebut any new law or facts contained in the oppositions [sic] response to a request for relief before the Court." *Promenades Mall (E&A), LLC v. Allstate Insurance Company*, 2008 WL 11334927 *1 (M.D. Fla., Aug. 12, 2008) (granting leave to file reply); *see also, Ottaviano v. Nautilus Insurance Company*, 2009 WL 425976 *1 (M.D. Fla., Feb. 19, 2009) (permitting a reply where motion asserts that, *inter alia*, case law cited in opposition should not be applied to the facts of the present case). The instant motion meets the requirements of MD Local Rule 3.01(d), and Defendants have shown good cause to file a reply.

WHEREFORE, Defendants request that this Court enter an order permitting Defendants to file a reply to the Opposition that does not exceed ten (10) pages, within ten (10) days from the order.

Dated: August 1, 2018

Respectfully submitted,

    /s/ Robert Corn-Revere
Robert Corn-Revere *(pro hac vice)*
*Lead Trial Counsel*
Ronald G. London *(pro hac vice)*
**Davis Wright Tremaine LLP**
1919 Pennsylvania Ave., NW, Suite 800
Washington, D.C. 20006
Telephone: (202) 973-4200
Facsimile: (202) 973-4499
Email: bobcornrevere@dwt.com
       ronnielondon@dwt.com

James C. Grant (*pro hac vice*)
**Davis Wright Tremaine LLP**
1201 Third Avenue, Suite. 2200
Seattle, WA 98101
Telephone: (206) 622-3150
Email: jimgrant@dwt.com

Lawrence G. Walters
Florida Bar No.: 0776599
**Walters Law Group**
195 W. Pine Ave.
Longwood, FL 32750-4104
Telephone: (407) 975-9150
Facsimile: (407) 774-6151
Email: Larry@FirstAmendment.com
Email: Paralegal@FirstAmendment.com

Attorneys for Defendants Michael Lacey,
James Larkin, Medalist Holdings, Inc.,
Camarillo Holdings, LLC, and
Cereus Properties, LLC

4

**CERTIFICATE OF SERVICE**

       I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed through the CM/ECF system on August 1, 2018, which will serve a copy by email on all counsel of record.  A true and correct copy is also provided via U.S. mail to Carl Ferrer at 2531 Tumbleweed Way, Frisco, TX 75034, and at 7409 Kingsbarns, The Colony, TX 75056, and to Carl Ferrer and Backpage.com, LLC at 13601 Preston Road, Suite E801, Dallas, TX 75240.

                                                             /s/ Robert Corn-Revere
                                                             Robert Corn-Revere