UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FLORIDA ABOLITIONIST, INC., JANE DOE #1, JANE DOE #2, and SUSAN ROE,

    Plaintiffs,

v.    Case No: 6:17-cv-218-Orl-28TBS

BACKPAGE.COM LLC, CARL FERRER, MICHAEL LACEY, JAMES LARKIN, WEBSITE TECHNOLOGIES, LLC, IC HOLDINGS LLC, DARTMOOR HOLDINGS LLC, CAMARILLO HOLDINGS LLC, ATLANTISCHE BEDRIJVEN C.V., KICKAPOO RIVER INVESTMENTS, LLC, AMSTEL RIVER HOLDINGS LLC, POSTFASTER LLC, CLASSIFIED SOLUTIONS LTD, MEDALIST HOLDINGS, INC., ADTECH B.V., UGC TECH GROUP, C.V., POSTING SOLUTIONS LLC, and CEREUS PROPERTIES LLC,

    Defendants.

## ORDER

Defendants Medalist Holdings, Inc., Camarillo Holdings LLC, Cereus Properties LLC, Michael Lacey, and James Larkin (collectively "Medalist Defendants") filed a Motion to Stay (Doc. 112) proceedings in this Court. Medalist Defendants seek a stay of this civil action pending disposition of a criminal matter in the United States District Court for the District of Arizona. Medalist Defendants argue that Lacey and Larkin's invocation of their Fifth Amendment privilege against self-incrimination will result in an automatic loss of this civil case. Plaintiffs disagree. After review, the Court hereby denies the motion.

As a general matter, federal district courts have "broad discretion to stay proceedings." *Coquina Investments v. Rothstein, et al.*, No. 10-60786-Civ., 2011 WL 2530945, at *1 (S.D. Fla. Jun. 24, 2011) (citing *Landis v. N. American Co.*, 299 U.S. 248, 254-55 (1936)). However, Eleventh Circuit law mandates issuance of a stay in a civil proceeding if "special circumstances so require in the interest of justice." *United States v. Lot 5, Fox Grove, Alachua County, Fla.*, 23 F.3d 359, 364 (11th Cir. 1994). If no special circumstances exist, a court is free to deny a stay "so long as the privilege's invocation does not compel an adverse judgment against the claimant." *Id.* (citing *United States v. Premises Located at Route 13*, 946 F.2d 749, 756 (11th Cir. 1991)).

Here, Medalist Defendants fail to articulate special circumstances justifying a stay. They merely argue that the significant overlap in the civil and criminal cases will "prevent Lacey and Larkin from mounting a defense or answering questions ... without threatening [their] constitutional rights." (Doc. 112 at 13). Medalist Defendants never specify exactly how their case will be harmed or how their ability to present a proper defense will be impaired by invocation of the privilege. Instead, they argue broadly that the assertion of the privilege will prevent Lacey and Larkin from mounting a proper defense (*Id.*). This type of vague "blanket assertion" of the privilege does not provide adequate justification for a stay. *Lot 5, Fox Grove, Alachua County, Fla.*, 23 F.3d at 364 ("[A] blanket assertion of the privilege is an inadequate basis for the issuance of a stay.").

Medalist Defendants assert that Lacey and Larkin's invocation of the privilege "threatens certain loss by automatic summary judgment." (Doc. 112 at 15). And were this true, it may constitute a special circumstance warranting a stay. *See Mitchell v. Hunt*, No. 8:15-cv-2603-T-23TGW, 2016 WL 7396670, at *1 (M.D. Fla. Feb. 10, 2016)

2

(noting that the special circumstances exception can be triggered when "the invocation of the privilege [results] in an adverse judgment, not merely the loss of [the] most effective defense"). But Medalist Defendants fail to demonstrate that invocation of the privilege will in fact result in an adverse judgment. As noted by Plaintiffs, Medalist Defendants have a whole panoply of alternative defenses available to them. Because Medalist Defendants have not specifically demonstrated that invocation of the privilege will result in automatic loss, a stay is not appropriate at this time. *See Regions Bank v. Kaplan*, No. 8:12-CV-1837-T-17MAP, 2015 WL 5247809, at *3 (M.D. Fla. Sep. 8, 2015) (denying stay in part because movants had not "explained why each specific claim and defense cannot be proven and substantiated through other testimony or evidence"); *see also Mitchell*, 2016 WL 7396670, at *1 (denying motion to stay because it failed "to demonstrate that invoking the Fifth Amendment privilege will automatically result in summary judgment against the defendants").

Therefore, it is **ORDERED** and **ADJUDGED** that Medalist Defendants' Motion to Stay (Doc. 112) is **DENIED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Orlando, Florida, on August 23, 2018.

                                              JOHN ANTOON II
                                              United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties