UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| FLORIDA ABOLITIONIST, INC.; *et al.*, <br><br> Plaintiffs, <br><br> -against- <br><br> BACKPAGE.COM LLC; *et al.* <br> Defendants. | Case No. 6:17-cv-218-ORL-28-TBS |

**MEDALIST DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS**

Defendants Medalist Holdings, Inc., Camarillo Holdings LLC, Cereus Properties LLC, Michael Lacey, and James Larkin ("Medalist Defendants"), by undersigned counsel, pursuant to MD Local Rule 3.01(d), move this Court for an order authorizing the filing of a reply to the Memorandum of Law in Opposition to Medalist Defendants' Motion to Dismiss, ECF # 144 (hereinafter "Opposition") filed by Plaintiffs FLORIDA ABOLITIONIST, INC., JANE DOE #1, JANE DOE #2, and SUSAN ROE ("Plaintiffs"), and in support state:

1. Plaintiffs have filed a twenty-five (25) page Opposition to Medalist Defendants' Motion to Dismiss raising issues and arguments Defendants could not reasonably have anticipated. A reply is therefore warranted to allow Defendants to respond, as follows:

2. Plaintiffs improperly assert equitable estoppel and relation-back with respect to the time-bar against their claims involving publication of ads depicting them at Backpage.com (and make other attempts to bootstrap claims), while also misapplying the Single Action Rule, all of which Defendants seek a chance to explain.

3. Plaintiffs assert a duty for outrage based on standards of care not articulated in the Amended Complaint, and despite intervening illegal actions of third-parties, and assert new theories of negligence based on alleged statutory violations not alleged in the Amended Complaint (as well as a theory of "foreseeable zone of risk") to which Defendants seek opportunity to respond.

4. Plaintiffs argue an "implied agreement" theory of conspiracy not expressly articulated in the Amended Complaint, and fail to address the intent required for aiding and abetting claims. Defendants seek a chance to respond.

5. Plaintiffs misapply case law and recent amendments pertaining to their claim under the federal anti-trafficking law, as Defendants seek to explain.

6. Plaintiffs seek to circumvent prerequisites to RICO claims such as business injury and particularity-pleading requirements, and suggest further amendment of the complaint to address this under state RICO is proper, while mischaracterizing on-point case law on RICO causation and related points. Defendants seek an opportunity to respond.

7. Defendants also seek to note Plaintiffs' failure to fully address shotgun pleading issues, and to address their reliance on material outside the Amended Complaint as is prohibited on a Rule 12 motion and under any proper application of incorporation by reference.

8. Medalist Defendants anticipate a reply of no more than fifteen (15) pages, in order to account for the large number of counts in the Amended Complaint, the complexity of the issues, and the length of Plaintiffs' Opposition.

9. Pursuant to MD Local Rule 3.01(g), counsel for Medalist Defendants have conferred with opposing counsel, who consents to the relief requested in this Motion.

## MEMORANDUM OF LAW

MD Local Rule 3.01(d) contemplates filing of a reply, with permission of the Court. This Court can lift the restriction on filing replies to ensure fair and just determination of all proceedings. MD Local Rule 1.01(b)&(c). "The purpose of a reply brief is to rebut any new law or facts contained in the oppositions [sic] response to a request for relief before the Court." *Promenades Mall (E&A), LLC v. Allstate Insurance Company*, 2008 WL 11334927 *1 (M.D. Fla., Aug. 12, 2008) (granting leave to file reply); *see also, Ottaviano v. Nautilus Insurance Company*, 2009 WL 425976 *1 (M.D. Fla., Feb. 19, 2009) (permitting a reply where motion asserts that, *inter alia*, case law cited in opposition should not be applied to the facts of the present case). The instant motion meets the requirements of MD Local Rule 3.01(d), and Medalist Defendants have shown good cause to file a reply.

WHEREFORE, Medalist Defendants request that this Court enter an order permitting Medalist Defendants to file a reply to the Opposition that does not exceed fifteen (15) pages, to be filed within fourteen (14) days of this Motion.

*[Remainder of this page intentionally left blank.]*

Respectfully submitted,

_____
Lawrence G. Walters
Florida Bar No.: 0776599
**Walters Law Group**
195 W. Pine Avenue
Longwood, FL  32750-4104
Telephone: (407) 975-9150
Facsimile: (407) 975-6151
Email:  Larry@FirstAmendment.com
Email:  Paralegal@FirstAmendment.com

Robert Corn-Revere *(pro hac vice)*
*Lead Trial Counsel*
Ronald G. London *(pro hac vice)*
James C. Grant *(pro hac vice)*
**Davis Wright Tremaine LLP**
1919 Pennsylvania Ave. NW, Suite 800
Washington, DC  20006
Telephone: (202) 973-4200
Facsimile: (202) 973-4499
Email:  bobcornrevere@dwt.com
           ronnielondon@dwt.com
           jamesgrant@dwt.com

Attorneys for Defendants Michael Lacey, James Larkin, Medalist Holdings, Inc., Camarillo Holdings, LLC, and Cereus Properties, LLC

4

5

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed through the CM/ECF system on September 4, 2018, which will serve a copy by email on the all counsel of record.  A true and correct copy is also provided via U.S. mail to Mark A. Castillo, Esq., 901 Main St., Suite 6515, Dallas, TX 75202.

                    _____
                    Lawrence G. Walters