# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

FLORIDA ABOLITIONIST, INC., JANE DOE #1, JANE DOE #2, and SUSAN ROE,

    Plaintiffs,

v.

Case No: 6:17-cv-218-Orl-28TBS

BACKPAGE.COM LLC, CARL FERRER, MICHAEL LACEY, JAMES LARKIN, WEBSITE TECHNOLOGIES, LLC, IC HOLDINGS LLC, DARTMOOR HOLDINGS LLC, CAMARILLO HOLDINGS LLC, ATLANTISCHE BEDRIJVEN C.V., KICKAPOO RIVER INVESTMENTS, LLC, AMSTEL RIVER HOLDINGS LLC, POSTFASTER LLC, CLASSIFIED SOLUTIONS LTD, MEDALIST HOLDINGS, INC., ADTECH B.V., UGC TECH GROUP, C.V., POSTING SOLUTIONS LLC and CEREUS PROPERTIES LLC,

    Defendants.

## ORDER

Plaintiffs Florida Abolitionist, Inc., Jane Doe #1, Jane Doe #2, and Susan Roe allege several claims in this case, including one under 18 U.S.C. § 1595(a), which provides a federal civil remedy for sex trafficking victims. In the § 1595(a) claim, Jane Doe #1 and Jane Doe #2 assert that Defendants Backpage.com and the individual Defendants "assisted, supported, and facilitated" the conduct of those who trafficked Jane Doe #1 and Jane Doe #2 on the website Backpage.com. (Doc. 86 ¶ 176).

Defendants Carl Ferrer; Website Technologies, LLC; IC Holdings, LLC; Dartmoor Holdings, LLC; Atlantische Bedrijven CV; Kickapoo River Investments, LLC; Amstel River Holdings, LLC; Postfaster, LLC; Classified Solutions, LTD; Ad Tech BV; UGC Tech Group CV; and Posting Solutions, LLC (collectively, "Movants") have filed a Motion to Stay Proceedings (Doc. 149). After Plaintiffs filed a Memorandum of Law in Opposition (Doc. 154) to the motion, the Court ordered Movants to file a Reply, (see Order, Doc. 156), and Movants did so, (see Reply, Doc. 157). Additionally, Movants recently submitted a Notice of Recent Ruling in Support of Motion to Stay Proceedings (Doc. 158), attaching a November 30, 2018 order (Doc. 158-1) from the District of Massachusetts staying a case against Backpage.com, LLC, Carl Ferrer, Michael Lacey, and James Larkin.[1] Having considered these submissions, this Court now grants Movants' motion to stay.

Although in this case the Court previously denied a motion to stay filed by Defendants Medalist Holdings, Inc.; Camarillo Holdings LLC; Cereus Properties LLC; Michael Lacey; and James Larkin, (see Order, Doc. 143), Movants' motion raises a basis for a stay that was not raised in the prior motion—18 U.S.C. § 1595(b)(1). This provision—which, like § 1595(a), is part of the Trafficking Victims Protection Reauthorization Act (TVPRA)—provides that "[a]ny civil action filed under [18 U.S.C. § 1595(a)] shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim." 18 U.S.C. § 1595(b)(1). And for purposes of § 1595(b), "a 'criminal action' includes investigation and prosecution and is pending until final adjudication in the trial court." Id. § 1595(b)(2).

---

[1] Doe v. Backpage.com, LLC et al., Civil Case No. 1:17-11069-LTS, Doc. 100 (D. Mass. Nov. 30, 2018).

2

Movants note that Defendants Ferrer and Backpage.com have been criminally charged in federal court in Arizona and in state courts in California and Texas. The charges in those cases include, among others, money laundering and trafficking in persons. Movants explain that Ferrer and Backpage.com have pleaded guilty but their plea agreements have not yet been accepted and no sentences have yet been imposed. (See Doc. 149 at 2). Thus, there has not been a "final adjudication" in the trial courts. Movants thus seek a stay here under § 1595(b)(1).

In the recent Massachusetts district court order provided by Movants, the court granted a stay under § 1595(b) but noted that the plaintiffs in that case did not address § 1595(b) or dispute that it provided for a stay there. (See Doc. 158-1 at 2). Plaintiffs in the case at bar, however, argue against a stay under § 1595(b) or any other authority.

Plaintiffs argue that § 1595(b)(1) only requires a stay where the Government intervenes in a civil case and seeks a stay, but no such limitation appears in § 1595(b)(1). Instead, it plainly states that "[a]ny civil action . . . shall be stayed," and the cases cited by the Plaintiffs do not support the Governmental intervention requirement proposed by Plaintiffs.

Plaintiffs also contend that § 1595(b)(1) does not require a stay here because the pending criminal actions against Ferrer and Backpage do not "aris[e] out of the same occurrence in which the claimant is the victim." They contend that none of the Plaintiffs in this case is alleged to be a victim in the pending criminal cases. However, the nature of the allegations against Ferrer and Backpage.com in both this case and the criminal matters—involving sweeping, systematic practices that allegedly harmed many victims in the same fashion—renders the situation at hand unique. And as Movants point out,

3

Plaintiffs cite and rely heavily on the pending criminal matters in describing Defendants' conduct in this case. Under these circumstances, this Court finds that § 1595(b)(1) provides for a stay.

Moreover, as the Massachusetts district court noted in its November 30 order, "it is within this Court's discretion to grant a stay of civil proceedings where there are simultaneous criminal proceedings against the civil defendant." (Doc. 158-1 at 2). This Court agrees with the Massachusetts district court that the continuation of this civil matter could disrupt the ongoing federal and state prosecutions. Therefore, a stay is also appropriate as a matter of discretion.

Accordingly, it is **ORDERED** as follows:

1. The Motion to Stay Proceedings (Doc. 149) is **GRANTED** under 18 U.S.C. § 1595(b) and the Court's discretion.

2. Plaintiffs' Motion to Strike (Doc. 154) is **DENIED**.

3. Defendant Ferrer shall file a status report within ten days of the conclusion of the criminal actions in the trial courts.

4. The Clerk is directed to administratively close this case.

5. All other pending motions are **denied without prejudice** to reassertion after the case is reopened.

**DONE** and **ORDERED** in Orlando, Florida, on December 5, 2018.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

4