UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FLORIDA ABOLITIONIST, INC.; JANE DOE #1; JANE DOE #2; and SUSAN ROE,

    Plaintiffs,

vs.

BACKPAGE.COM LLC; CARL FERRER; MICHAEL LACEY; JAMES LARKIN; WEBSITE TECHNOLOGIES, LLC; IC HOLDINGS LLC; DARTMOOR HOLDINGS LLC; CAMARILLO HOLDINGS LLC; ATLANTISCHE BEDRIJVEN C.V.; KICKAPOO RIVER INVESTMENTS, LLC; AMSTEL RIVER HOLDINGS LLC; POSTFASTER LLC; CLASSIFIED SOLUTIONS LTD; MEDALIST HOLDINGS, INC.; ADTECH B.V.; UGC TECH GROUP, C.V.; POSTING SOLUTIONS LLC; and CEREUS PROPERTIES LLC,

    Defendants.

Case No.
6:17-cv-218-JA-RMN

## ORDER

This matter is before the Court without oral argument on the Unopposed Motion to Withdraw as Counsel for Defendant Carl Ferrer and the Backage Defendants (Dkt. 169), filed September 25, 2025.

In the Motion, attorneys Mark A. Castillo and Joel Ewusiak ask the Court for leave to withdraw as counsel of record for Defendants Ferrer and the Backpage Defendants. Dkt. 169 at 2. Counsel state that the clients consent to the withdrawal of counsel (*See* Dkt. 169-1) and that the withdrawal will not cause a continuance of any deadlines or trial in this case. *Id.* at 3. Because the client consents and the motion is unopposed, it is granted as to the individual defendant and counsel may withdraw as counsel of record for the individual defendant.

As to the Backpage Defendants, a business entity may not appear in federal court without counsel. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). And, "[t]he failure of an artificial entity to obtain counsel, in violation of a court order or rule to do so, has . . . been held to support default judgment, even absent violations of other rules or orders." *Textron Fin. Corp. v. RV Having Fun Yet, Inc.*, No. 3:09-cv-2, 2010 WL 1038503, at *5 (M.D. Fla. Mar. 19, 2010). It is unclear from the Motion whether the Backpage Defendants understand this. For this reason, the motion is denied without prejudice as to the corporate entities. Counsel may renew this portion of their request with a supplemental declaration—signed by Mr. Ferrer or the individual(s) responsible for those entities—acknowledging that

(1) once counsel withdraw from this matter, the corporate entities must obtain new counsel within the time ordered by the Court, and (2) if the Backpage Defendants fail to obtain substitute counsel within that time permitted, the Court may enter a default judgment against them.

Accordingly, it is **ORDERED**:

1. Defendants' Motion (Dkt. 169) is **GRANTED in part** as to Defendant Ferrer. Attorneys Castillo and Ewusiak are withdrawn as counsel of record for Defendant Ferrer;

2. The remainder of the Motion is **DENIED without prejudice**; and

3. If counsel wish to renew their request, such a motion shall be filed on or before October 10, 2025, in accordance with this Order.

**DONE** and **ORDERED** in Orlando, Florida, on September 26, 2025.

_____
ROBERT M. NORWAY
United States Magistrate Judge

Copies to:

Counsel of Record